# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PARRISH BROWN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:19-cv-1903-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon movant Parrish Brown's response to this Court's August 21, 2019 order directing him to show cause why his motion to vacate, filed pursuant to 28 U.S.C. § 2255, should not be dismissed as untimely. After reviewing and considering movant's response, the Court has determined to dismiss the motion without further proceedings.

As explained in the Court's August 21, 2019 order, movant filed the instant motion more than one year after the expiration of the one-year limitations period applicable to motions filed pursuant to § 2255. However, following is a brief recitation. On August 31, 2016, movant pled guilty to a charge of being a Felon in Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *U.S. v. Parrish Brown*, No. 4:15-cr-520-JAR (E.D. Mo. 2016). On December 13, 2016 he was sentenced to serve sixty months' imprisonment. He did not seek direct review, and judgment therefore became final on December 27, 2016. *See* Fed. R. App. P. 4(b)(1)(A) (providing for a 14-day period in which to file an appeal in a criminal case). Accordingly, movant had until not later than December 27, 2017 to file a motion pursuant to § 2255. However, movant did not file the instant motion until July 1, 2019, more than one and one-half years later.

In the response now before the Court, movant can be understood to argue that his motion is timely pursuant to 28 U.S.C. § 2255(f)(4), which provides that the statute of limitations does not begin to run until the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. In support, movant contends that, in November or December of 2018, a fellow inmate gave him a stack of old St. Louis newspapers in which movant discovered an article about four St. Louis police officers who were alleged to be involved in a scheme to collect overtime pay to which they were not entitled. Movant attached to the response a copy of that article. It is an April 6, 2017 Riverfront Times article noting that certain St. Louis police officers were suspected of forging their time cards to show they were working when in fact they were not. Movant contends that two of those officers were involved in his criminal proceedings and lied during those proceedings, and that he knew at the time they were lying but could not prove it. Movant concludes he did not learn of the alleged overtime scheme, which he contends supports his claims, until he discovered the article in November or December of 2018, and that he filed the instant motion within one year of that discovery. Movant makes no attempt to explain why he waited until July 1, 2019 to file the instant motion. Movant can also be understood to claim entitlement to equitable tolling because he lacks legal experience and resources.

**Discussion**

Section 2255(f)(4) allows a prisoner the opportunity to file a section 2255 motion within one year of the date on which the facts supporting the claims or claims presented could have been discovered in the exercise of due diligence. "To be entitled to invoke the statute of limitations contained in section 2255(f)(4), [the Eighth Circuit Court of Appeals has] said that a petitioner must show the existence of a new fact, while also demonstrating that he acted with

2

diligence to discover the new fact." *Deroo v. United States,* 709 F.3d 1242, 1245 (8th Cir. 2013) (quoting *Anjulo-Lopez v. United States,* 541 F.3d 814, 817 (8th Cir. 2009)); *see also Ingram v. United States,* 932 F.3d 1084, 1088-89 (8th Cir. 2019). "Due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require 'reasonable efforts.'" *Deroo,* 709 F.3d at 1245 (citing *Anjulo-Lopez,* 541 F.3d at 818).

In the case at bar, movant contends he was unaware the officers were suspected in the alleged overtime pay scheme until November or December of 2018, when he discovered the article among old newspapers given to him by a fellow inmate. However, according to the information movant provided to the Court, the article was published and available to the public in April of 2017, before the expiration of the applicable limitations period. It therefore cannot be said that the information movant identifies as the factual predicate of his claims was unavailable prior to the expiration of the limitations period, only that movant failed to discover it. Movant offers nothing tending to show he was making any effort, much less a reasonable effort, to discover facts supporting his claims earlier, even though he acknowledges he knew the officers were lying while his criminal proceedings were still pending. The Court finds that a duly diligent person could have discovered the public information about the officers at any time during the approximately eight months that elapsed from the time the article was published until the expiration of the limitations period. Furthermore, movant offers no explanation for why he waited approximately six additional months after discovering the article to file the instant motion. This further supports the conclusion that movant failed to act with reasonable diligence. The Court therefore concludes that the motion cannot be considered timely under 28 U.S.C. § 2255(f)(4).

Movant can also be understood to invoke the doctrine of equitable tolling on the basis of his lack of legal experience and resources. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Here, just as movant failed to show diligence under § 2255(f)(4), he fails to establish the first element for equitable tolling. Even if it could be said that movant had established the first element, equitable tolling would be unwarranted because the circumstances movant describes are not extraordinary. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (allegations of pro se status and the lack of legal knowledge and legal resources are inadequate to warrant equitable tolling).

Because movant has failed to make an arguable claim that his motion was timely filed or subject to equitable tolling, the Court finds that movant is not entitled to a certificate of appealability. As a result, the motion to vacate will be dismissed as time-barred and no certificate of appealability will issue.

Accordingly,

**IT IS HEREBY ORDERED** that movant Parrish Brown's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 10th day of October, 2019.

4

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE